0 7 - 6 2 4

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Demerris Walker | | Docket or Case No.: NO. 19 2007 |
| Place of Confinement: Delaware Correction Center | | Prisoner No.: 318389 |
| Petitioner (include the name under which you were convicted) Demerris Walker | Respondent (authorized person having custody of petitioner) v. State of Delaware | |
| The Attorney General of the State of Delaware | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Sussex County Superior Court

    (b) Criminal docket or case number (if you know): 0203014277

2.  (a) Date of the judgment of conviction (if you know): 2-28-03
    (b) Date of sentencing: March 28 2003

3.  Length of sentence: 55 years 34 mandatory

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☑  No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: _____
    Three counts 2nd degree rape
    One count first degree attempted robbery
    One count first degree burglary,
    theft of a senior, and Second degree conspiracy

6.  (a) What was your plea? (Check one)

    (1)    Not guilty ☑          (3)    Nolo contendere (no contest) ☐

    (2)    Guilty ☐              (4)    Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

RECEIVED
OCT 12 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Delaware Supreme Court_

(b) Docket or case number (if you know): _Case Nor 214 (2003)_

(c) Result: _Judgement Affirmed_

(d) Date of result (if you know): _12-18-03_

(e) Citation to the case (if you know): _____

(f) Grounds raised: _Ground 1 trial judge committed plain Error by having a chambers Conference after the oral motion in limine instead of Having a hearing outside of the presence of the jury to make a Determination under 6cre_

_Ground 2 Trial judge abused his discretion in Denying the 14 merger of Three rape 2nd charges for sentencing purposes_

(g) Did you seek further review by a higher state court?    Yes ☐  No ☑

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

Page 4

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____ Sussex County Superior Court

(2) Docket or case number (if you know): ☒ _____ Docket No 0203014277

(3) Date of filing (if you know): _____ September 8, 2006

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

G1 Courts erred in failing to disqualify a biased juror

G2 trial counsel was ineffective for failing to have hair tested

G3 Courts erred in allowing the admission of certain illegal evidence

G4 Courts erred in allowing the prosecution to use perjury testimony

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?    Yes ☐   No ☑

(7) Result: _____

(8) Date of result (if you know): December 20, 2006

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐ No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

(1) First petition:       Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(3) Third petition:     Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: /ower Courts erred in failing to disqualify a biased Jurror

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Jury member knew someone in the trial and failed to come forward doing vior dir hearing later known as her nephew.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: after trial I advised Counsel to raise this issue trial Counsel failed to follow up on his argument after I had requested to be put forth thats why I proceeded through post conviction

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction motion

Name and location of the court where the motion or petition was filed: Sussex Superior Court house

Docket or case number (if you know): __O2 O3O14277__

Date of the court's decision: __December 20 2006__

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

　　Yes ☐　No ☑

(4) Did you appeal from the denial of your motion or petition?

　　Yes ☑　No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

　　Yes ☑　No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Delaware Supreme Court__

Docket or case number (if you know): ___NO 19 2007__

Date of the court's decision: _____ __Sept 20 2007__

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

GROUND TWO: __Lower courts erred trial counsel was ineffective for failing to test hair about__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

__trial counsel knew victim stated there was no finger penatration__
__Nor was found trial counsel never put hirth test to support the claim__
__to see if it perhaps was frue.__

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _trial Counsel_
_lack of Communication, failing to act in petitioners best_
_intrest for sentence purpse._

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Post Conviction_

    Name and location of the court where the motion or petition was filed: _Sussex Canty Superior_
_courthouse_

    Docket or case number (if you know): _0203014277_

    Date of the court's decision: _December 20, 2006_

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑   No ☑

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____
_Delaware Supreme Court_

Docket or case number (if you know): _____ _No 19 2007_

Date of the court's decision: _____ _September 20 2007_

Result (attach a copy of the court's opinion or order, if available): _affirm_

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus. administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

GROUND THREE: _lower Courts erred in allowing the admission of Certain illegal evidence_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Co-defendant stated and testified that he has recieved the license and Zip lock bag from petitioner victim stated no house key on key ring all evidence used against me for Identify purpose. but was never tested_

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _trial Counsel put forth no motion forth to support the facts._

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: __Post Conviction__

    Name and location of the court where the motion or petition was filed: __Sussex County__
    __Superior Courthouse__

    Docket or case number (if you know): __0203014277__

    Date of the court's decision: __December 20 2006__

    Result (attach a copy of the court's opinion or order, if available): _____


    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: __Delaware Supreme Court__

    Docket or case number (if you know): __NA 19 2007__

    Date of the court's decision: __September 20 2007__

    Result (attach a copy of the court's opinion or order, if available): __affirm__


    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____


(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

Page 11

GROUND FOUR: _lower Courts erred in allowing the prosecution to use perjury testimony_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Co-defendant made different statement and then changed his story :_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _trial counsel argued the different stakment but never put forth any motion._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _post Conviction_

Name and location of the court where the motion or petition was filed: _Sussex County Courthouse_

Docket or case number (if you know): _0203014277_

Date of the court's decision: _December 20 2006_

Result (attach a copy of the court's opinion or order, if available): _Affirm_

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Delaware Supreme Court_

Docket or case number (if you know): _No 19 2007_

Date of the court's decision: _September 20 2007_

Result (attach a copy of the court's opinion or order, if available): _affirm_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest
state court having jurisdiction?      Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your
reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal
court? If so, which ground or grounds have not been presented, and state your reasons for
not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding
the conviction that you challenge in this petition?      Yes ☐ No ☑

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

State of Delaware
_____
Plaintiff

v.                                              _____

Demerris Walker
_____
Defendant(s)

ORDER

IT IS HEREBY ORDERED, this ____ day of _____, 200_ that
the attached Motion for Extension of Time has been read and considered.
IS IS ORDERED that the Motion is hereby GRANTED/DENIED.
IT IS FURTHER ORDERED THAT

_____

_____

_____

                                        _____
                                        Judge

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ❑    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Defense Attorney John F Brady Esq_

(b) At arraignment and plea: _John F Brady Esq_

(c) At trial: _John F Brady Esq_

(d) At sentencing: _John F Brady Esq_

(e) On appeal: _John F Brady Esq_

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❑    No ☑

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

State of Delaware
_____
Plaintiff

v.

Demerris Walker
_____
Defendant(s)

### ORDER

IT IS HEREBY ORDERED, this _____ day of _____, 200_ that
the attached Motion for Extension of Time has been read and considered.
IS IS ORDERED that the Motion is hereby GRANTED/DENIED.
IT IS FURTHER ORDERED THAT

_____

_____

_____


_____
Judge

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _____ _____

_____

_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *October 8 - 07* _____ (month, date, year).

Executed (signed) on *Demarcus Walker* _____ (date). *10-8-07*

_____

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____ _____ __ ___ ___ _____ _____ ___ ___

___ __ ____ _____ _____ _____ ___ _____ _____ ___ ___

_____ _____ _____ _____ _____ _____ ___ ___

### IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

\* \* \* \* \*



U.S.M.S.
X-RAY

$ 02.16⁰

United States District Court
844 Kings St
Wilmington Del 19801

DELAWARE CORRECTIONAL CENTER
PADDOCK ROAD
SMYRNA, DELAWARE 19977

SUPERIOR COURT
OF THE
STATE OF DELAWARE

0 7 – 6 2 4

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

December 20, 2006

Demaris H. Walker
SBI No. 00318389
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

John F. Brady, Esquire
Brady, Richardson, Beauregard & Chasanov
10 East Pine Street
P.O. Box 742
Georgetown, DE 19947

James W. Adkins, Esquire
Department of Justice
114 E. Market Street
Georgetown, DE 19947

**RE: State of Delaware v. Demaris H. Walker**
**DEF. ID No. 0203014277**

Date Submitted: September 8, 2006

Dear Mr. Walker and Counsel:

This is my decision on Demaris H. Walker's ("Walker") motion for postconviction relief. The charges against Walker arose out of the rape of Ruby Wilson ("Wilson") by Walker and his co-defendant, Carlton Harding ("Harding"). Wilson was alone in her apartment and getting ready for bed when she heard a knock on her door. Wilson opened her front door slightly. She saw Harding standing in front of her door and Walker standing in front of her neighbor's door. Walker pushed Wilson's door open, causing her to fall to the floor. Walker and Harding then entered Wilson's apartment. Walker pulled Wilson off of the floor and dragged her into the bedroom, while Harding searched her apartment for money. Walker then instructed Harding to hold Wilson's legs open while he raped her with his fingers, a water bottle covered with a condom and a shaving cream can. After Walker finished, Wilson managed to push the emergency call button on her walker, causing Walker and Harding to run out of the apartment and flee in Wilson's car. Harding returned to Wilson's apartment to collect evidence that he and Walker had left behind. The police caught Harding in Wilson's apartment with a bag containing a condom wrapper and a shaving cream can. The police found the condom-covered water bottle in Wilson's bedroom. Harding originally told the police that he saw some people leaving the scene in Wilson's car. He then told the police that he and a man named Stephen Wilz committed the crimes. Harding finally told the police that his first two versions of the events were lies and that he and Walker committed the crimes.

Harding pled guilty to Rape in the Second Degree and Attempted Robbery in the First Degree

and testified against Walker at trial. Walker was convicted of three counts of Rape in the Second Degree and one count each of Burglary in the First Degree, Attempted Robbery in the First Degree, Theft of a Senior, and Conspiracy in the Second Degree. The Delaware Supreme Court upheld Walker's convictions on December 18, 2003.[1] Walker filed his motion for postconviction relief on January 24, 2006. This is Walker's first motion for postconviction relief and it was filed in a timely manner.

Walker alleges that (1) Brady's representation was deficient, (2) alternate juror number two should not have been seated, (3) testimony regarding Wilson's apartment key should not have been admitted, (4) Harding committed perjury, (5) the police lacked probable cause to search his home, and (6) the three rape convictions subjected him to double jeopardy. Walker was represented at trial and on appeal by John F. Brady, Esquire ("Brady"). The State of Delaware (the "State") was represented by James W. Adkins, Esquire ("Adkins"). Brady and Adkins filed affidavits in response to Walker's motion.

## Ineffective Assistance of Counsel

Walker alleges that Brady failed to (1) conduct an adequate pretrial investigation and prepare for trial, (2) file pretrial motions, (3) conduct tests on certain pieces of evidence, (4) interview all of the witnesses, (5) object to testimony regarding Wilson's apartment key, (6) retain an expert witness, (7) impeach Harding's credibility, (8) raise certain issues on appeal, and (9) discuss trial strategy. The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[2] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must engage in a two-part analysis.[3] First, the defendant must show that counsel's performance was deficient and fell below an objective standard of reasonableness.[4] Second, the defendant must show that the deficient performance prejudiced the defense.[5] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[6] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[7] There is no procedural bar to claims of ineffective assistance of counsel.[8]

## 1. Investigation

Walker alleges that Brady failed to conduct an adequate pretrial investigation and prepare for

---

[1] *Demaris Walker v. State of Delaware*, Del. Supr., No. 214, 2003, Berger, J. (December 18, 2003) (ORDER).

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] *Strickland*, 466 U.S. at 687.

[4] *Id.* at 687.

[5] *Id.* at 687.

[6] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Ct.).

[7] *Coleman*, 2003 WL at *2, *quoting Strickland*, 466 U.S. at 689.

[8] *Coleman*, 2003 WL at *1, *citing State v. Johnson*, Del. Super. Ct., Cr. A. No. 97-10-0164(R1), Graves, J. (August 12, 1999) at 2; *State v. Gattis*, Del. Super. Ct., Cr. A. Nos. IN90-05-1017 to 1019, Barron, J. (December 28, 1995) at 7, *aff'd*, 637 A.2d 1174 (Del. 1997).

trial. This case, while very serious, was relatively simple. Wilson, Harding and Walker were the only witnesses to the crimes. Harding confessed to his role in the crimes and testified against Walker at trial. Wilson testified that two black males, one tall and one short, broke into her apartment and raped her. Harding is 6'5" tall. Walker is 5'11" tall. The police found Wilson's driver's license in a jacket in Harding's apartment. Harding testified at trial that Walker gave it to him. The police found Wilson's key ring and a "Lifestyles" condom wrapper in Walker's apartment. The police also found a "Lifestyles" condom wrapper in Wilson's apartment. The police found Wilson's car near the Georgetown Apartments. Walker lived in the Georgetown Apartments. Thus, Walker was linked to the crimes by the testimony of Wilson and Harding and certain evidence found in his home. Walker testified that he did not rape Wilson and was not even with Harding at the time. Brady was aware of the facts of the case, as evidenced by his examination of the witnesses at trial. Walker does not state with any specificity what Brady should have done differently to be better prepared for trial.

## 2. Pretrial Motions

Walker alleges that Brady should have filed pre-trial motions to "test" the State's evidence. His only specific complaint is that Brady should have requested an evidentiary hearing on the State's effort to link Walker to the crimes by showing that he had gone into Wilson's apartment and stolen things before he raped her. Brady did object to the admission of this evidence. However, the Court conducted a $Getz^9$ analysis and concluded that this evidence was admissible. Walker also unsuccessfully raised this issue in his appeal to the Supreme Court.[10]

## 3. Testing

Walker alleges that Brady should have performed testing on Wilson's driver's license, the zip lock bag and a hair. Wilson's driver's license was found in a zip lock bag with her name on it in Harding's apartment. The hair was found in Wilson's vagina. The police tested the zip lock bag, but were unable to get any fingerprints off of it. It would have been repetitive and unnecessary for Brady to test it again. Harding testified that Walker gave Wilson's driver's license to him. Testing the license would not have provided any basis to contradict this testimony. Walker argues that testing the hair would have undermined the rape charges. Harding testified that he saw Walker rape Wilson with his fingers while wearing a condom over them. Testing the hair would not have provided any basis to contradict this testimony. In any event, there was no scientific evidence linking the driver's license, zip lock bag and hair to Walker. Thus, there is no reason to believe that further testing on these items was going to be helpful to Walker.

## 4. Witnesses

Walker alleges that Brady failed to interview all of the witnesses he requested. However, Walker does not identify anyone Brady should have interviewed. He also does not state what their testimony would have been. Brady says that he interviewed all of the witnesses requested by

---

[9] *Getz v. State*, 538 A.2d 726 (Del. 1998).

[10] On direct appeal, Walker alleged that this Court erred by not holding an evidentiary hearing regarding the prior bad act. The Supreme Court found no plain error in this Court's determination not to hold an evidentiary hearing. Additionally, Walker contended that the Court erred in finding the probative value of the bad act outweighed prejudicial value. The Supreme Court found this argument to be without merit as well. *Demaris Walker v. State of Delaware*, Del. Supr., No. 214, 2003, Berger, J. (December 18, 2003) (ORDER).

Walker. There is no reason to believe otherwise.

## 5. Evidence

Walker alleges that Brady should have objected to testimony regarding Wilson's apartment key. Wilson's key ring was found in Walker's bedroom. ·A police officer testified that Wilson's apartment key was on the key ring. Wilson testified that it was not. Walker argues that Brady should have checked to see if the key in question fit Wilson's apartment door. Brady pointed out the discrepancy between the testimony over the apartment key. The relevancy of the key ring was that it linked Walker to the crimes against Wilson. Given that Walker and Harding forced their way into Wilson's apartment, whether or not Wilson's apartment key was on the key ring was irrelevant.

## 6. Expert Witness

Walker alleges that Brady should have retained an expert witness. Walker does not explain what kind of expert should have been retained and how it would have made a difference. Walker was linked to the crimes through the testimony of Harding and Wilson and Wilson's property that was found in his apartment. It is not clear how an expert could have helped Walker.

## 7. Harding's Credibility

Walker contends that Brady should have challenged Harding's credibility. Brady did attack Harding's credibility through cross-examination. He repeatedly emphasized the fact that Harding gave a number of conflicting statements to the police. The issue of credibility was for the jury to assess. Brady did all that he reasonably could be expected to do. The jury simply believed Harding.

## 8. Appeal

Walker alleges that Brady failed to raise certain issues on appeal. Walker's only specific complaint involves alternate juror number two. I addressed this issue at trial and concluded that Walker's argument had no merit.

## 9. Trial Strategy

Walker alleges that Brady failed to discuss the case or trial strategy with him. This allegation is unfounded. Walker was linked to the crimes largely by Harding's testimony. Brady's strategy was to attack Harding's credibility and point out inconsistencies in the State's case. Walker's defense was that he was not present with Harding and did not commit any crimes against Wilson. He took the stand and testified to this. Thus, his defense and testimony were consistent with Brady's strategy. It was not possible for Brady to have tried this case without discussing it with Walker.

In summary, I have concluded that Brady's representation of Walker was not deficient and did not fall below an objective standard of reasonableness.

## Other Claims

All of Walker's other claims could have been raised on appeal and are, therefore, procedurally barred pursuant to Rule 61(i)(3) unless Walker is able to show cause for relief from the procedural bar and prejudice as a result of any violation of his rights.[11] However, "this bar to relief does not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[12] Therefore, in order to avoid the procedural bar of Rule 61 (i)(3), Walker must show that there was some external impediment that prevented him from raising

[11]*Outten v. State*, 720 A.2d 547, 556 (Del. 1998).

[12]*Outten*, 720 A.2d at 556, *citing* Super. Ct. Crim. R. 61(i)(5).

4

his claims and that there is a substantial likelihood that if his claims had been raised on appeal, the outcome would have been different.[13] Walker has offered no explanation, other than blaming Brady, for his other claims not being raised on appeal. Having concluded that Brady's representation of Walker was not deficient, the responsibility for not raising these other claims rests with Walker. Moreover, Walker has not established there was a substantial likelihood that if his other claims had been raised on appeal, the outcome would have been different.

Walker alleges that alternate juror number two should not have been seated because she heard that Stephen Wilz had been arrested for the crimes. I addressed this issue at trial and concluded that there was no problem with her serving on the jury. Walker alleges that the police officer's testimony that a key found in Walker's bedroom fit Wilson's apartment door should not have been admitted. I addressed this argument previously in this decision and concluded that there was no merit to it. Walker alleges that the State knowingly used Harding's perjured testimony. This is not true. Harding told at least three versions of what happened. Adkins and Brady knew this. Harding's testimony was consistent with the last version that he gave to the police. It was also consistent with Wilson's testimony and the other evidence. Thus, if anything, it appears that Harding's testimony was truthful. Walker alleges that the police did not have probable cause to obtain the warrant to search his bedroom. Probable cause is a "practical nontechnical" concept that must be measured by the totality of the circumstances.[14] Probable cause "lies between suspicion and sufficient evidence to convict."[15] The affidavit of probable cause used to obtain the search warrant was based on Harding's confession, which implicated Walker. This was sufficient to establish probable cause. Walker alleges that he was subjected to double jeopardy because the three rape charges were, in his view, only one crime. Walker raised this argument unsuccessfully in his direct appeal to the Supreme Court. There is simply no merit to any of Walker's other claims.

## CONCLUSION

Walker's motion for postconviction relief is denied.
**IT IS SO ORDERED.**

Very truly yours,

E. Scott Bradley

oc:    Prothonotary

---

[13]*Flamer v. State*, 585 A.2d 736,748 (Del. 1990).
[14]*Gardner v. State*, 567 A.2d 404, 409 (Del. 1989).
[15]*Thompson v. State*, 539 A.2d 1052, 1055 (Del. 1988).

5

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEMERRIS WALKER, | § | |
| | § | |
| Defendant Below- | § | No. 19, 2007 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 0203014277 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  July 13, 2007
Decided:    September 20, 2007

Before **STEELE**, Chief Justice, **HOLLAND**, and **BERGER**, Justices.

### O R D E R

This 20th day of September 2007, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Demerris Walker, filed this appeal from the Superior Court's denial of his first motion for postconviction relief.  We find no merit to the appeal.  Accordingly, we affirm the Superior Court's judgment.

(2)    The record reflects that a Superior Court jury convicted Walker of three counts of second degree rape and one count each of first degree burglary, attempted first degree robbery, theft of a senior, and second degree

conspiracy. This Court affirmed Walker's convictions on appeal.[1] Walker filed his first petition for postconviction relief in September 2006, which the Superior Court denied. This appeal followed.

(3)    Walker raises four issues in his opening brief on appeal.[2]  He asserts that: (i) the Superior Court erred in failing to disqualify a biased juror; (ii) his trial counsel was ineffective for failing to have a hair tested; (iii) the Superior Court erred in allowing the admission of certain "illegal" evidence; and (iv) the Superior Court erred in allowing the prosecution to use perjured testimony.

(4)    This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[3]   We will consider the procedural bars of Superior Court Criminal Rule 61(i) before considering the merits of any underlying claim.[4]  In this case, the Superior Court concluded that Walker's claims regarding the admission of "illegal" evidence and the admission of perjured testimony were procedurally barred by Rule 61(i)(3)[5]

---

[1] *Walker v. State*, 2003 WL 22998847 (Del. Dec. 18, 2003).

[2] Walker raised additional claims in his Superior Court petition. Having failed to raise those additional issues in his opening brief on appeal, the Court deems those claims to be waived. *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[3] *Outten v. State*, 720 A.2d 547, 551 (Del. 1998).

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] Del. Super. Ct. Crim. R. 61(i)(3) provides that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction…is thereafter barred" unless the petitioner can establish cause and prejudice.

2

and that Walker had failed to establish cause or prejudice in order to overcome the procedural hurdle. We find no abuse of the Superior Court's discretion is finding these claims procedurally barred.

(5)    Furthermore, Walker's claim of juror bias was raised and rejected by the Superior Court at trial. He did not argue this issue in his direct appeal.    To the extent the Superior Court already rejected his argument, we do not find that the interests of justice warrant reconsideration of this previously adjudicated claim.[6] Moreover, having failed to raise it as an issue on appeal, Walker has waived his right to have this Court consider it now for the first time, absent a showing of cause for his failure to raise it on direct appeal and actual prejudice.[7] Walker has failed to establish either. Accordingly, we find his claim of juror bias also to be procedurally barred.

(6)    With respect to his claim of ineffective assistance of counsel, Walker was required to establish: (a) that his defense counsel's representation fell below an objective standard of reasonableness; and (b) that, but for counsel's unprofessional errors, there is a reasonable probability

---

[6] *See* Super. Ct. Crim. R. 61(i)(4), which holds that any postconviction claim that was previously adjudicated is thereafter barred unless reconsideration is warranted in the interest of justice.

[7] *Oney v. State*, 482 A.2d 756, 758 (Del. 1984).

3

that the outcome of the case would have been different.[8]  There is a strong presumption that counsel's conduct was professionally reasonable.[9]

(7)    In this case, the Superior Court concluded defense counsel's failure to have a hair tested for DNA evidence did not fall below an objective standard of reasonableness. As the Superior Court pointed out, the codefendant's testimony against Walker on the rape charges established that Walker had used a condom in digitally penetrating the victim. Accordingly, testing on the hair recovered from the victim would not have provided any basis to contradict the testimony establishing the rape. We agree with the Superior Court's analysis. Accordingly, we find that the Superior Court did not abuse its discretion in denying Walker's claim of ineffective assistance of counsel.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[8] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[9] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

4