IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DEMERRIS WALKER.** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-624-JJF |
| | ) | |
| **PERRY PHELPS,** Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In February 2003, the petitioner, Demerris Walker, was convicted in a Delaware Superior Court jury trial of three counts of second degree rape, one count of first degree burglary, one count of theft of a senior, one count of attempted first degree robbery, and one count of second degree conspiracy. (Superior Court Criminal Docket #0203014277, D.I. 27). The Delaware Supreme Court, in *Walker v. State*, 2003 WL 22998847 (Del. 2002) (*Walker I*) summarized the circumstances of Walker's crimes:

> On March 9, 2002, 84-year-old Ruby Wilson was outside watering flowers when Walker entered her apartment and stole her pocketbook, which contained Wilson's driver's license, car keys and apartment keys. The next evening, as Wilson was getting ready for bed, someone knocked on her door. She opened the door a crack, and saw a tall black man, later identified as Carlton Harding, standing in front of her door, and a shorter black man, later identified as Walker, standing in front of her neighbor's door.

Suddenly, Walker pushed open the door, knocking Wilson backward. Walker dragged Wilson into her bedroom while Harding ransacked the apartment. Walker then told Harding to hold Wilson's legs while Walker raped her, first with his fingers, then with a water bottle, and finally with a metal shaving cream can that he shoved into her rectum. After the attacks, Wilson managed to get to her kitchen and push the emergency call button on her walker. The two men then fled.

Wilson called for help, and her neighbor, Vandyke Ford, responded. When he learned what had happened, he called the police and stayed with Wilson until the police arrived. Meanwhile, Harding and Walker realized that they had left behind the yellow plastic bag containing the objects used to rape Wilson. They decided that they would return to Wilson's apartment and that Harding would go in and retrieve the bag. Harding saw Ford in the apartment and suggested that he would help out by removing the trash, but Ford told Harding that nothing was to be removed. At that point, Harding went up to one of the responding police officers and confessed. When the police searched Walker's house, they found Wilson's keys under the cushion of a chair in Walker's bedroom.

Walker was sentenced to a term of eighty-four years imprisonment, suspended after fifty-five years for a term of probation to follow. On appeal, the Delaware Supreme Court affirmed Walker's convictions and sentence. *See Walker I*, 2003 WL 22998847. Walker filed a motion for postconviction relief in October 2005, which was denied by the Delaware Superior Court. (D.I. 1, Attachment 1 at 1-5) (*Walker II*). Superior Court ruled that all of Walker's ineffective assistance of counsel claims were meritless. (D.I. 1, Attachment 1 at 1-3). The court further held that the remainder of Walker's claims was barred by the terms of Superior Court Criminal Rule 61(i)(3). (D.I. 1, Attachment 1 at 4-5). Superior Court's decision in *Walker II* was affirmed by the Delaware Supreme Court in September 2007. *Walker v. State*, 2007 WL 2744920 (Del. 2007) (*Walker III*).

Discussion

Petitioner has raised four claims of error. First, Walker claims that the trial court erred by not "disqualifying a biased juror." (D.I. 1 at 5). Walker next claims that his attorney provided constitutionally deficient representation by not subjecting a hair

2

recovered from the victim to scientific testing. (D.I. 1 at 6). Walker, as his third claim for relief, avers that the trial court erred by "allowing the admission of certain illegal evidence." (D.I. 1 at 8). As his final claim, Walker argues that the trial court erred by "allowing the prosecution to used perjure[d] testimony." (D.I. 1 at 10). All of Walker's claims were presented to the state supreme court on appeal from the denial of his postconviction motion. *See Walker III*, 2007 WL 2744920. Thus, Walker's claims have been exhausted. *See* 28 U.S.C. § 2254(b); *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Walker, however, is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. §2244(d). Walker, additionally, has not established that the state court's resolution of his ineffectiveness claims was "contrary to, or involved an unreasonable application of" United States Supreme Court precedent. Accordingly, Walker is not entitled to relief.

Because Walker's petition was dated October 8, 2007, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Under 28 U.S.C. §2244(d)(1)(A), therefore, Walker's federal habeas petition must have been filed within one year of the date that his convictions became final.[1] Walker's convictions became final, for purposes of habeas relief, on March 17, 2004, ninety days after the Delaware Supreme Court affirmed his convictions in *Walker I* on December 18, 2003. *See Kapral v. United States*, 166 F.3d

---

[1] Walker does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable.

565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court).  Thus, Walker's petition must have been filed on or before March 17, 2005 to be timely.  A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court; Walker's petition states that he placed his petition in the prison mailing system on October 8, 2007.  (D.I. 1 at 16).  In the absence of proof respecting the date of delivery, that date is the presumptive date the petition was delivered to prison officials for mailing.  *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002).  Dailey's petition, filed July 24, 2007, is thus untimely under section 2244(d).  *See Woods*, 215 F.Supp.2d at 460.  Walker's petition was obviously filed past the March 2005 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of §2244(d)(2) does not save Walker's petition from the running of the limitations period.  When applicable, §2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts.  Walker filed a motion for postconviction relief in October 2005. (Superior Court Criminal Docket #0203014277, D.I. 61).  While Walker's postconviction motion was timely under state law, it did not act to toll the limitations period because the limitations period had already run.  *Lawrence v. Carroll*, 2003 WL 21402509, *2 (D. Del.).  Because Walker filed this federal habeas action more than two years beyond the §2244 bar, it is untimely.

Of course, as the Court has repeatedly noted, the limitations period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Walker has failed to demonstrate, or even allege, any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Walker has, in fact, never been diligent in asserting his rights – he waited almost two years after his conviction was affirmed by the Delaware Supreme Court to file for postconviction relief. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005). Walker cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. In short, Walker's claims are untimely under § 2244(d), and there is no basis upon which any relevant time may be tolled.

Alternatively, Walker's claims, though exhausted, are without merit. Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir. 1999) (*en banc*); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively

unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). To the extent that there is United States Supreme Court precedent, none of the state court decisions rejecting Walker's claims is contrary to that precedent. Further, the Delaware Supreme Court's application of the law to the claims was entirely reasonable. Should this Court conclude that Walker's claims are, in fact, timely, respondents respectfully request to amend and supplement their answer to more fully address the claims.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that transcripts of Walker's trial have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

    /s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

DATE: February 29, 2008    Del. Bar. ID No. 4612

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on March 3, 2008 I will mail, by United States Postal Service, the same documents to the following nonregistered participant:

Demerris Walker
SBI # 00318389
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date:  February 29, 2008