IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEMERRIS WALKER,                :
                                :
         Petitioner,            :
                                :
v.                              :    Civil Action No. 07-624-JJF
                                :
PERRY PHELPS, Warden, and       :
ATTORNEY GENERAL OF THE         :
STATE OF DELAWARE,              :
                                :
         Respondents.[1]        :

---

Demerris Walker.  Pro Se Petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

**MEMORANDUM OPINION**

September 23, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former Warden Thomas Carroll, an original party to this case.  See Fed. R. Civ. P. 25(d)(1).

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Demerris Walker ("Petitioner"). (D.I. 1.) Petitioner is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In February 2003, a Delaware Superior Court jury found Petitioner guilty of three counts of second degree rape, one count of first degree burglary, one count of theft of a senior, one count of attempted first degree robbery, and one count of second degree conspiracy. These convictions stemmed from Petitioner's rape of an eighty-four year old woman with a water bottle and a metal shaving cream can, along with the ransacking of her apartment. The Delaware Superior Court sentenced Petitioner to eighty-four years of imprisonment, suspended after fifty-five years for a term of probation to follow. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. Walker v. State, 2003 WL 22998847 (Del. Dec. 18, 2003).

On October 31, 2005, Petitioner filed an application for post-conviction review pursuant to Delaware Superior Court

1

Criminal Rule 61 ("Rule 61 motion"). See (D.I. 17, Del. Super. Ct. Crim. Dkt. Entry No. 61.) The Superior Court denied the ineffective assistance of counsel claims asserted in the Rule 61 motion as meritless, and denied the remaining claims as procedurally barred under Rule 61(i)(3). The Delaware Supreme Court affirmed the Superior Court's decision in September 2007. Walker v. State, 935 A.2d 256 (Table), 2007 WL 2744920 (Del. Sept. 20, 2007).

## II. DISCUSSION

Petitioner filed the instant Petition for federal habeas relief in October 2007. The Petition asserts the following four claims: (1) the Superior Court improperly failed to disqualify a biased juror; (2) defense counsel provided ineffective assistance by failing to have a hair recovered from the victim scientifically tested; (3) the Superior Court erred by admitting certain illegal evidence; and (4) the Superior Court erred by permitting the prosecution to use perjured testimony. (D.I. 1.) Respondents filed an Answer requesting that the Court dismiss the Petition as untimely, or alternatively, as failing to warrant habeas relief under § 2254(d)(1). (D.I. 12.)

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must

comply with the AEDPA's requirements.  See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, dated October 2007, is subject to the one-year limitations period contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336.  Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), ©, or (D).  Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on December 18, 2003, and he did not seek certiorari review in the United States Supreme Court.

3

Consequently, Petitioner's conviction became final on March 17, 2004, and applying the one-year limitations period to that date, Petitioner had until March 17, 2005 to timely file his Petition. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitation period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner, however, did not file the Petition until October 8, 2007,[2] approximately two and one-half years after the expiration of the AEDPA's limitations period. Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

---

[2] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, October 8, 2007, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

Petitioner filed his Rule 61 motion in October 2005, approximately seven months after the expiration of the AEDPA's limitations period. Therefore, the Rule 61 motion has no statutory tolling effect.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner alleges that his untimely filing was due to the requirement that he exhaust state remedies prior to filing a federal habeas petition. (D.I. 15.) Although a petitioner's

6

"need to exhaust state remedies will create a tension with the one-year statute of limitations in AEDPA," Petitioner's compliance with the exhaustion requirement does not warrant equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 170 n.10 (3d Cir. 2003).

Moreover, to the extent Petitioner asserts that his failure to comply with AEDPA's limitations period should be excused because his non-compliance was the result of his pro se status, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances for the purpose equitable tolling. (D.I. 23.); LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Therefore, the Court concludes that equitable tolling is not warranted in this case. Accordingly, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate

Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.